UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>US PACIFIC TRANSPORT, INC.,<br><br>Defendant. | 22 CV 1808<br><br>**COMPLAINT** |

Plaintiff Starr Indemnity & Liability Company, as and for its Complaint against Defendant US Pacific Transport, Inc., alleges, upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

1. The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq.* (note), or, in the alternative, the Harter Act, 46 U.S.C. § 30701 *et seq.*, and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The following issues also concern breach of a maritime contract and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. The following issues also concern the loss of or damage to goods while being carried by sea from a foreign port to a port of the United States of America and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Defendant has consented to jurisdiction in the State of New York by virtue of said Defendant's or its agent's agreement to a contractual choice of forum clause that requires or allows actions against it to be instituted in this Court and/or is subject to jurisdiction in the State of New York by virtue of being a domestic New York business entity formed, organized and existing under the laws of the State of New York and/or having a place of business in the State of New York.

5. Venue is proper in this District as to Defendant because Defendant is subject to personal jurisdiction in this District with respect to this action.

6. Venue is also proper in this District because the subject contracts of carriage or other applicable contracts contain a choice of forum clause that calls for or allows the jurisdiction of this Court.

**PARTIES**

7. At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and an office and a place of business stated in Schedule A, which is appended hereto and hereby incorporated by reference and made a part hereof.

8. Plaintiff is an insurance company.

9. Plaintiff insured the shipments described in Schedule A.

10. Plaintiff is the duly subrogated insurer of the shippers, consignees and/or receivers of the shipments described in Schedule A, and/or a person with a proprietary interest in the shipments described in Schedule A, and/or a person owning, holding or entitled to possession of the shipments or the bills of lading or waybills described in Schedule A, and/or a person who is a "Merchant" as defined in the bills of lading or waybills described in Schedule A, and/or someone acting on behalf of any of the aforementioned persons (collectively referred to herein as the "Merchants") and brings this action on its own behalf and as agent or trustee on behalf of and for

the interest of all parties who may be or become interested in said shipments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

11. At and during all the times hereinafter mentioned, Defendant had and now has the legal status and an office and a place of business stated in Schedule A and was and now is engaged in business as a common carrier of goods by sea for hire and/or as an ocean transportation intermediary.

12. Defendant, at all relevant times, held itself out to be and acted as a common carrier and/or a non-vessel operating common carrier engaged in the carriage of goods to or from a port in the United States of America and/or as an ocean transportation intermediary.

## FACTUAL BACKGROUND

13. On or about the dates and at the Places of Receipt and/or the Ports of Loading stated in Schedule A, there were tendered by the shippers and delivered to Defendant, as common carrier or otherwise, the shipments described in Schedule A, then being in good order and condition, and Defendant then and there accepted said shipments so tendered and delivered to Defendant, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant agreed to transport and carry said shipments to the Ports of Discharge and/or the Places of Delivery stated in Schedule A, and deliver said shipments, in like good order and condition as when delivered to and received by Defendant, to the consignees named in Schedule A.

14. The shipments described in Schedule A were in good order and condition when delivered to Defendant and when loaded on board the vessel named in Schedule A.

15. Defendant, or its agent, issued bills of lading or waybills for the shipments described in Schedule A, some of the particulars of which are stated in Schedule A.

16. The bills of lading or waybills issued by or on behalf of Defendant were clean bills of lading or waybills.

17. A contract of carriage or other contract existed between Defendant and others in connection with the shipments described in Schedule A that the Merchants, and Plaintiff as their subrogee, are parties to, are third-party beneficiaries of or are otherwise entitled to enforce.

18. Such contracts of carriage or other applicable contracts concern the carriage of goods by sea from a foreign port to a port of the United States of America.

19. All obligations under the contracts of carriage or other applicable contracts to be performed on the part of the Merchants were performed, waived or otherwise excused.

20. Among other obligations and duties, Defendant had an obligation and duty to deliver the shipments described in Schedule A in good order and condition to the Ports of Discharge and/or the Places of Delivery stated in Schedule A.

21. The shipments described in Schedule A either were never delivered to the Ports of Discharge and/or the Places of Delivery stated in Schedule A or were not delivered in good order and condition to said Ports of Discharge and/or Places of Delivery, in violation of Defendant's obligations and duties as a common carrier of goods by sea for hire and/or as a non-vessel operating common carrier and/or as an ocean transportation intermediary, in breach of the contracts of carriage or other applicable contracts, and/or in breach of Defendant's obligations and duties as a bailee for hire.

22. The Merchants suffered damages because the shipments described in Schedule A either were not delivered or were not delivered in good order and condition.

23. The Merchants submitted claims to Plaintiff for the loss of and damage to the shipments described in Schedule A.

24. Plaintiff paid the claims submitted to it for the loss of and damage to the shipments described in Schedule A.

25. By virtue of its payment, Plaintiff is equitably and/or contractually subrogated to the rights and claims of the Merchants.

26. Plaintiff has received an assignment of rights and claims of the Merchants in connection with, relating to, arising out of or as a result of the loss of and damage to the shipments described in Schedule A.

27. By reason of the premises, the damages sustained, including any deductible, as nearly as the same can now be estimated, no part of which has been paid by Defendant, are in the amount of at least $54,344.54.

## AS AND FOR A FIRST CAUSE OF ACTION

28. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "27" of this Complaint with the same force and effect as if more fully set forth herein.

29. The bills of lading, waybills, contracts of carriage and shipments described in Schedule A, and other applicable contracts are subject to the provisions of COGSA.

30. The shipments described in Schedule A were in good order and condition when delivered to Defendant and the vessel named in Schedule A.

31. The shipments described in Schedule A either were never delivered to the Ports of Discharge and/or the Places of Delivery stated in Schedule A or were not delivered in good order and condition to said Ports of Discharge and/or Places of Delivery.

32. Under COGSA, Defendant is liable for the loss of and damage to the shipments described in Schedule A.

33. Plaintiff is entitled to recover the damages, including any deductible, suffered because of the loss of and damage to the shipments described in Schedule A.

## AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "33" of this Complaint with the same force and effect as if more fully set forth herein.

35. To the extent they are not subject to the provisions of COGSA, Defendant, the bills of lading, waybills, contracts of carriage and shipments described in Schedule A, and other applicable contracts are subject to the provisions of the Harter Act.

36. The shipments described in Schedule A were in good order and condition when delivered to Defendant and the vessel named in Schedule A.

37. The shipments described in Schedule A either were never delivered to the Ports of Discharge and/or the Places of Delivery stated in Schedule A or were not delivered in good order and condition to said Ports of Discharge and/or Places of Delivery.

38. To the extent it is not liable under COGSA, Defendant is liable under the Harter Act for the loss of and damage to the shipments described in Schedule A.

39. Plaintiff is entitled to recover the damages, including any deductible, suffered because of the loss of and damage to the shipments described in Schedule A.

## AS AND FOR A THIRD CAUSE OF ACTION

40. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "39" of this Complaint with the same force and effect as if more fully set forth herein.

41. Defendant breached the contracts of carriage or other applicable contracts either by failing to deliver the shipments described in Schedule A to the Ports of Discharge and/or the Places of Delivery stated in Schedule A or by failing to deliver said shipments in good order and condition to said Ports of Discharge and/or Places of Delivery.

42. Defendant otherwise breached the contracts of carriage or other applicable contracts.

43. The Merchants suffered damages because of the breach of contract by Defendant.

44. Plaintiff is entitled to recover the damages, including any deductible, suffered because of the breach of contract by Defendant.

## AS AND FOR A FOURTH CAUSE OF ACTION

45. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "44" of this Complaint with the same force and effect as if more fully set forth herein.

46. The shipments described in Schedule A were entrusted to the care, custody and control of Defendant and/or persons for whom Defendant is vicariously liable for delivery to the Ports of Discharge and/or the Places of Delivery stated in Schedule A.

47. The shipments described in Schedule A were in good order and condition at the time they were entrusted to Defendant and/or persons for whom Defendant is vicariously liable.

48. The shipments described in Schedule A were in the care, custody and control of Defendant and/or persons for whom Defendant is vicariously liable at the time said shipments were lost or damaged.

49. Defendant and/or persons for whom Defendant is vicariously liable either failed to deliver the shipments described in Schedule A to the Ports of Discharge and/or the Places of Delivery stated in Schedule A or failed to deliver said shipments in good order and condition to said Ports of Discharge and/or Places of Delivery.

50. Defendant and/or persons for whom Defendant is vicariously liable failed to return the shipments described in Schedule A in good order and condition.

51. The loss of or damage to the shipments described in Schedule A was caused by or resulted from the acts or omissions of Defendant and/or persons for whom Defendant is vicariously liable.

52. The Merchants suffered damages because of the acts or omissions of Defendant and/or persons for whom Defendant is vicariously liable.

53. Plaintiff is entitled to recover the damages, including any deductible, suffered because of the loss of and damage to the shipments described in Schedule A.

**WHEREFORE**, Plaintiff prays as follows:

A. For judgment on the First, Second, Third and Fourth Causes of Action in favor of Plaintiff and against Defendant awarding Plaintiff damages in an amount to be determined at trial; and

B. For such other and further relief as the Court deems just and proper under the circumstances, together with the costs and disbursements of this action.

Dated: New York, New York
 March 3, 2022

                               NICOLETTI HORNIG & SWEENEY
                               *Attorneys for Plaintiff*

                               By:   S/ Kevin J.B. O'Malley
                                           Kevin J.B. O'Malley
                                           Wall Street Plaza
                                           88 Pine Street, Seventh Floor
                                           New York, New York 10005
                                           (212) 220-3830
                                           komalley@nicolettihornig.com

## SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Starr Indemnity & Liability Company was and is a corporation duly formed, organized and existing under and by virtue of the laws of the State of Texas with an office and a place of business at 399 Park Avenue, Second Floor, New York, New York 10022.

**Defendant's Legal Status and Office and Place of Business:**

Defendant US Pacific Transport, Inc. was and is a corporation duly formed, organized and existing under and by virtue of the laws of the State of New York with an office and a place of business at 3636 Main Street, Unit 6S, Flushing, New York 11354.

**Shipment 1:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| Defendant/Carrier: | US Pacific Transport, Inc. |
| Bill of Lading/Waybill No.: | HLGB20110104 |
| Container No.: | TCNU4732638 |
| Consignee: | Pacific World Corporation |
| Place of Receipt: | Yantian, China |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, USA |
| Place of Delivery: | Long Beach, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 18, 2020 |
| Description of Goods: | Beauty Supplies |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss (Shipments 1 & 2): | $54,344.54 plus interest and costs |

**Shipment 2:**

| | |
|---|---|
| Plaintiff: | Starr Indemnity & Liability Company |
| Defendant/Carrier: | US Pacific Transport, Inc. |
| Bill of Lading/Waybill No.: | HLGB20110115 |
| Container No.: | BMOU5696399 |
| Consignee: | Pacific World Corporation |
| Place of Receipt: | Yantian, China |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Long Beach, CA |
| Place of Delivery: | Long Beach, CA |
| Vessel/Voyage: | ONE APUS 006E |
| Date of Shipment: | on or about November 18, 2020 |
| Description of Goods: | Beauty Supplies |
| Nature of Loss: | Non-delivery and/or physical loss or damage |
| Total Amount of Loss (Shipments 1 & 2): | $54,344.54 plus interest and costs |